**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 25-8-3 |
| JANMARIE LANZO | : | |

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

### I.      BACKGROUND

The defendant, Janmarie Lanzo, is charged in a superseding indictment with one count of conspiracy to defraud the Food and Drug Administration (the "FDA") and violate the Food Drug and Cosmetic Act (the "FDCA"), arising from the defendant's participation in a conspiracy to promote various products for non-approved uses, including to cure cancer and treat other diseases, and to conceal the sale of these drugs from the FDA (Count Nine of the superseding indictment). The defendant has notified the government through her counsel that she wishes to plead guilty to the single count of the superseding indictment with which she is charged.

### II.     APPLICABLE STATUTE AND ESSENTIAL ELEMENTS OF THE OFFENSE

To obtain a conviction for conspiracy defraud the United States, in violation of 18 U.S.C. § 371, the government must prove beyond a reasonable doubt that:

1.      Two or more persons agreed to "defraud the United States" as charged in the indictment. "Defraud the United States" means to cheat the United States government or any of its agencies out of money or property. It also means to obstruct or interfere with one of the United States government's lawful functions by deceit, craft, trickery, or dishonest means.

2.      The defendant was a party to or a member of that agreement.

3.      The defendant joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other conspirator to achieve that objective.

4.      At some time during the existence of the agreement or conspiracy at least one of its members performed an overt act in order to further the objective of that agreement.

*See* Third Circuit Model Jury Instructions (Criminal) 6.18.371B.

To obtain a conviction for conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, the government must prove beyond a reasonable doubt:

1.      Two or more persons agreed to commit an offense against the United States, here to violate the FDCA;[1]

2.      The defendant was a party to or member of that agreement;

3.      The defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; and

4.      At some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

*See* Third Circuit Model Jury Instructions (Criminal) 6.18.371A.

## III.    <u>MAXIMUM PENALTY</u>

The maximum penalty for Count Nine of the superseding indictment, conspiracy to defraud the FDA and violate the FDCA, in violation of 18 U.S.C. § 371, is 5 years' imprisonment, a $250,000 fine, 3 years of supervised release, and a $100 special assessment.

---

[1] To prove the substantive offense of violating the FDCA by introducing misbranded articles into interstate commerce, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), the government must prove: (1) the substance was a drug; (2) the defendant distributed the drug or caused the drug to be distributed in interstate commerce; (3) the drug was misbranded; and (4) the defendant acted with an intent to defraud or mislead (for a felony).

IV.    **FACTUAL BASIS FOR THE GUILTY PLEA**

If this case were to proceed to trial, the government would prove the following facts, among others, through witness testimony and exhibits. This memorandum sets forth the essential facts that would need to be proved to establish the elements of the offense charged.

Beginning in or before 2017 through in or about January 2025, the defendant worked with Mary Blakley, Fred Blakley, and others, in and in support of purported medical clinics (the "Blakley Clinics"). Through those clinics, Mary Blakley claimed to diagnose and treat a variety of diseases and medical conditions. Mary Blakley then recommended that clients of the Blakley Clinics purchase various products to prevent and treat diseases. The defendant worked with Mary Blakley, Fred Blakley, and others to sell the various products recommended to clients of the Blakley Clinics.

Among other products, the defendant promoted the sale of Aetheion, which comes in the form of a lotion to be rubbed over the body and is advertised in the mainstream as a cosmetic product and skin therapy antioxidant moisturizer; fenbendazole, an antiparasitic that is the active ingredient in an animal drug, which is approved by the FDA for use in many different animal species to treat various parasites including lung worms, stomach worms, and intestinal worms, but not approved for use in humans; and ProArgi9+, which is a dietary supplement.

The defendant claimed in statements made to clients of the Blakley Clinics that Aetheion, fenbendazole, and ProArgi9+ could be used to treat and prevent human diseases. For example, the defendant repeatedly promoted Aetheion and fenbendazole to treat cancer, including during a May 21, 2021 telephone call with a client of the Blakley clinics where she suggested both be used to treat breast cancer. The defendant promoted ProArgi9+ to treat cardiovascular disease. An

FDA review of the packaging and labeling of these products confirmed that none of them had adequate labeling for the treatment of these conditions.

Following these representations, the defendant sold these products to various individuals. In furtherance of these sales, the defendant discussed these products and took payment information over the phone, including during an April 7, 2023 phone call when a client of the Blakley Clinics provided the defendant with credit card information to purchase fenbendazole. The defendant then provided the products to clients of the Blakley Clinics, including by shipping a package containing Aetheion and fenbendazole from Arizona to a client of the Blakley Clinics in Lancaster, Pennsylvania in January 2023. The defendant profited as a result of these sales.

The defendant was aware that her promotion of the products to treat diseases, like cancer, would draw scrutiny from regulators. She cautioned others not to put things in writing, encouraged others not to refer to the products as "drugs," and emphasized that she should not appear to be selling products. She structured her business as a private member association to, according to the defendant, keep the government out of her business.

## V.    **PLEA AGREEMENT**

The parties have executed a plea agreement, which will be presented to the Court during a hearing regarding entry of the guilty plea. The agreement includes a supplement to be filed under seal.

**VI.**     **CONCLUSION**

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea by defendant Janmarie Lanzo to Count Nine of the superseding indictment.

Respectfully submitted,

DAVID METCALF
United States Attorney


*/s/ Ruth Mandelbaum*
RUTH MANDELBAUM
Assistant United States Attorney

ALEXANDER B. BOWERMAN
Special Assistant United States Attorney

Dated: November 26, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the Government's Guilty Plea Memorandum

has been served by email upon the following:

Fortunato Perri, Esquire
*Counsel for Defendant Janmarie Lanzo*


<u>*/s/ Ruth Mandelbaum*</u>
RUTH MANDELBAUM
Assistant United States Attorney

Dated: November 26, 2025