IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-8-3 |
| JANMARIE LANZO | : | |

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1.   The defendant agrees to plead guilty to Count Nine of the Indictment charging her with conspiracy to defraud the Food and Drug Administration ("FDA") and to violate the Food, Drug, and Cosmetic Act ("FDCA"), in violation of 18 U.S.C. § 371, and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 982(a)(7), all arising from her unauthorized sale and promotion of various products to treat diseases, including cancer. The defendant further acknowledges her waiver of rights, as set forth in the attachment to this agreement.

2.   The defendant understands, agrees, and has had explained to her by counsel that the following statutory maximum sentence applies in this case: For Count Nine, charging conspiracy, a term of imprisonment of 5 years, a term of supervised release of 3 years, a fine of $250,000, and a special assessment of $100. Full restitution also shall be ordered. Forfeiture of all property, real or personal, constituting, or derived from, proceeds traceable to such violations

may also be ordered. The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years on Count Nine. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

3. The government may:

    a. Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate.

    b. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

    c. Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

4. In order to facilitate the collection of the criminal monetary penalties to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in her own name or in the name of a relative, spouse, associate, another person, or entity, and whether held in this country or outside this country. Accordingly:

a.  The defendant will submit a completed Financial Statement of Debtor to the U.S. Attorney's Office, in a form it provides and as it directs, within 14 days of execution of this plea agreement. The defendant promises that her financial statement and disclosures will be complete, accurate, and truthful.

b.  The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on her in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

c.  Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing, and provide all documents within the defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

d.  The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

e.  The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

f.  If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; consider such representations in deciding whether to file or withdraw any motion under Guideline Section

5K1.1; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1. The government may also elect to: void the forfeiture portion of the agreement and try the forfeiture before the Court and seek a larger forfeiture; and/or pursue any and all forfeiture remedies available at law or equity. The defendant agrees to waive any right to a trial by jury on all forfeiture issues, and to waive any claim at trial based on any statute of limitations.

5. The defendant agrees to pay restitution in an amount determined by the Court at sentencing, and to pay any fine imposed by the Court. The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose. In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

6. The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

7. The defendant agrees to pay the special victims/witness assessment in the amount of $100 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

8. The parties agree to the following with respect to the forfeiture of assets:

    a.  The defendant agrees to forfeit her right, title, and interest in the sum of $553,854.73, which represents the proceeds that she obtained from the offense of conspiracy to defraud the FDA and violate the FDCA, charged in Count Nine of the indictment in this case, and agrees to the entry of a money judgment against her in this amount. The defendant agrees that, due to the defendant's acts or omissions, most of these proceeds are not currently available to the government for forfeiture, that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met, and that the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met.

    b.  The defendant agrees to the entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea and before sentencing. Pursuant to Rule 32.2(b)(4), the defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before her sentencing. The defendant waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

    c.  The defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea. The defendant further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    d.  The defendant agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including any claims, defenses, or

challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to her criminal conduct.

      9.      The parties agree to the following with respect to forfeiture of assets:

           a.      The defendant further agrees that, based on the defendant's conviction for her offense of conspiracy to defraud the FDA and violate the FDCA, as charged in Count Nine of the information, she forfeits her right, title, and interest in the following assets, that such assets constitute or are derived from proceeds that the defendant obtained from the offense and are subject to forfeiture under 18 U.S.C. § 982(a)(7) or are substitute assets under the provisions of 21 U.S.C. § 853(p), and are subject to forfeiture because, due to the defendant's acts or omissions, the proceeds that the defendant obtained are not currently available to the government for forfeiture, and one or more of the conditions in 21 U.S.C. § 853(p) have been met, and that such assets are forfeitable to the United States in any judicial (criminal and civil) and administrative proceeding(s) at the government's exclusive discretion: (1) $4,730.00 U.S. Currency seized from a safe in an office closet at 610 Veneto Loop, Lake Havasu City, Arizona; and (2) Miscellaneous Items seized from a safe in an office closet at 610 Veneto Loop, Lake Havasu City, Arizona, including:

      i.  1 Gram Gold Bars (in black box - The Perth Mint Australia) (19);
      ii.  2021 American Eagle Gold Proof Four-Coin Set in black box (1);
      iii.  2017 1kg Silver Panda coin in blue box (1);
      iv.  2024 1oz Silver Liberty One Dollar Coin (1);
      v.  2025 1oz Silver Liberty One Dollar Coin (1);
      vi.  Indian Head/Buffalo Coin - 1 Troy Ounce .999 Fine Silver (1);
      vii.  Panda Moon Festival Metal - 2016 10oz China Silver - High Relief - PF70 Ultra Cameo - NGC - 4508944-093 (1);
      viii.  Sunshine Minting .999 Fine Silver 10 Ounce Bar (1);

ix. Sunshine Minting .999 Fine Silver 10 Ounce Bar (1);
x. Sunshine Minting .999 Fine Silver 10 Ounce Bar (1);
xi. Sunshine Minting .999 Fine Silver 10 Ounce Bar (1);
xii. Sunshine Minting .999 Fine Silver 10 Ounce Bar (1);
xiii. Valcambi Suisse 1oz Platinum Bars (2);
xiv. Valcambi Suisse 1oz Platinum Bars (3);
xv. Valcambi Suisse 1oz Platinum Bars (4);
xvi. 1oz Silver Coins (5 are Mexican, 1 is Austrian Philharmonic) (6);
xvii. 2008 1oz Gold Liberty Fifty Dollar Coin (1);
xviii. Valcambi Suisse 1oz Gold Bar (1);
xix. Valcambi Suisse 1oz Gold Bar (1);
xx. Valcambi Suisse 50g Gold Bar (1);
xxi. Valcambi Suisse 1oz Gold Bar (1);
xxii. Valcambi Suisse 10g Gold Bar (2);
xxiii. 1/4 oz Gold Coin - Queen Elizabeth II (4);
xxiv. 1/20oz Gold Coin - Queen Elizabeth II / Angel (1);
xxv. Valcambi Suisse 20g Gold Bar (4);
xxvi. Valcambi Suisse 10g Gold Bar (1);
xxvii. PAMP Suisse 2.5g Gold Bar (1);
xxviii. Liberty 1/10oz Gold Coin (3);
xxix. Valcambi Suisse 20g Gold Bar (1);
xxx. Liberty 1/10oz Gold Coin (5);
xxxi. Valcambi Suisse 1oz Platinum Bars (2);
xxxii. Valcambi Suisse 1oz Gold Bar (Credit Suisse) (1);
xxxiii. Canadian 1/4oz Gold Coin - Queen Elizabeth - 10 dollars (1);
xxxiv. Royal Canadian Mint 1oz Gold Bar (1);
xxxv. Liberty 1/10oz Gold Coin (3);
xxxvi. Credit Suisse 1oz Gold Bar (1)l
xxxvii. Liberty 1/10oz Gold Coin (2);
xxxviii. Liberty 1/10oz Gold Coin (3);
xxxix. 1914 Gold Liberty Coin - Twenty Dollars (1);
xl. Liberty 1/10oz Gold Coin (4);
xli. Austrian Philharmonic 1oz Gold Coin (1);
xlii. Liberty 1oz Platinum Coin (2);
xliii. Credit Suisse 5g Gold pendant (1);
xliv. 2010 Buffalo 1oz Gold Coin (1);
xlv. Liberty 1/10oz Gold Coin (1);
xlvi. Canadian 1oz Gold Coin - 50 dollars / Queen Elizabeth II (1);
xlvii. Canadian 1oz Gold Coin - 50 dollars / Queen Elizabeth II (1);
xlviii. Canadian 1/4oz Gold Coin - 10 dollars / Queen Elizabeth II (2);
xlix. 1913 Indian Head Gold Pendant / 2 1/2 dollars (1);
l. One Goldback, 1/1000 24k Gold Negotiable Instrument (12);
li. Five Goldback, 1/200 24k Gold Negotiable Instrument, various states (2);
lii. 2015 1.25oz Silver Bison Coin - 8 dollars (20);
liii. Valcambi Suisse 1oz Gold Bar (1);

      liv. 1975 South African Krugerrand 1oz Gold Coin (1);
      lv. Liberty Silver Dollar / 1oz Silver - in plastic sleeve with sticker: "2021 B" (2);
      lvi. Liberty Coin / 1 Troy oz .999 Fine Silver in plastic sleeve (20);
      lvii. Silver Coins / 1 Troy oz .999 Silver (6);
      lviii. Silver Coin / 1oz .999 Silver (1);
      lix. Silver Liberty Coin / 1 Troy oz .999 Fine Silver (9);
      lx. Various Silver Coins / 1 Troy oz .999 Fine Silver (7);
      lxi. Various Silver Coins / 1 Ounce .999 Fine Silver (3);
      lxii. Various Silver Coins / 1 Troy Oz .999 Fine Silver (5);
      lxiii. Silver Coin 1oz .999 Ag (1);
      lxiv. Various Commemorative Coins / no stated weight or material (14);
      lxv. Commemorative Coins / no stated weight or material (2);
      lxvi. Silver Coin / 1 Troy Oz .999 Fine Silver (1);
      lxvii. Silver Coin / 5 Troy Ounces .999 Fine Silver (1);
      lxviii. Silver Bar / 5 Troy Ounces .999 Fine Silver (1);
      lxix. Gold Coins / 1/10oz Fine Gold (2);
      lxx. Silver Coin / 1oz .999 Fine Silver (1);
      lxxi. Dimes - in plastic sleeve (50);
      lxxii. Silver Half Dollars - in plastic sleeve (20);
      lxxiii. Silver Coins / 1 Troy Oz .999 Fine Silver - in plastic sleeve (3);
      lxxiv. Silver Liberty Coins / 1 Troy Oz .999 Fine Silver - in plastic sleeve (20);
      lxxv. Silver Liberty Coins / 1 Troy Oz .999 Fine Silver - in plastic sleeve (20);
      lxxvi. Silver 1 Dollar Liberty Coins / 1 Oz Fine Silver - in plastic sleeve with hand written "21A" (20);
      lxxvii. Silver 5 Dollar Canadian Coins / 1oz Fine Silver - in plastic sleeve (25);
      lxxviii. Silver 5 Dollar Canadian Coins / 1oz Fine Silver - in plastic sleeve (25); and
      lxxix. Silver 5 Dollar Canadian Coins / 1oz Fine Silver - in plastic sleeve (25).

    b. The defendant agrees to the entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea and before sentencing. Pursuant to Rule 32.2(b)(4), the defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before her sentencing. The defendant waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

    c. The defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this,

pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea. The defendant further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

        d.    The defendant agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including any claims, defenses, or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to her criminal conduct.

        e.    The defendant agrees to take all necessary action to pass clear title of the assets listed in this paragraph to the United States, including, but not limited to, completing any documents required to transfer title of these assets to the United States. The defendant also agrees to take all necessary action to ensure that the assets listed in this paragraph are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

        f.    The defendant consents to the interlocutory sale of any or all of the assets upon motion of the government, following the entry of a preliminary order of forfeiture.

        g.    The defendant agrees that she will not file, or assist any other party in filing, a claim or petition asserting an interest in or otherwise contesting the forfeiture of any of the assets listed in this paragraph.

   h.  In the event that any claim is made by third parties to any of the assets listed in this paragraph, the defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties.

  10.  The defendant may not withdraw her plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

  11.  Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

   a.  The parties agree and stipulate that pursuant to USSG § 2N2.1(c)(1) the fraud guidelines under USSG § 2B1.1 apply.

   b.  The parties agree and stipulate that because the statutory maximum is 5 years, the base offense level is 6, pursuant to USSG § 2B1.1(a)(2).

   c.  The parties agree and stipulate that the loss amount is more than $550,000 but less than $1,500,000, for an increase of 14 levels pursuant to USSG § 2B1.1(b)(1)(H).

   d.  The parties agree and stipulate that the offense involved more than 10 victims for an increase of 2 levels pursuant to USSG § 2B1.1(b)(2)(A)(i).

e.  The parties agree and stipulate that the offense involved a large number of vulnerable victims, specifically that the defendant knew or should have known that a large number of victims were actually diagnosed with cancer, resulting in a total 4 level increase pursuant to USSG § 3A1.1(b)(1), (b)(2).

f.  The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for her offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

g.  The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying the government of her intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b), if such an downward adjustment is applicable under the Sentencing Guidelines.

12. In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, including any assessment, forfeiture, restitution, or the length or condition of supervised release, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

      a.     Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of her sentence.

      b.     If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

          i.     that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 2 above;

          ii.     challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

          iii.     challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

          iv.     that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph (b), no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph (b).

      13.     The defendant acknowledges that pursuing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The government recognizes that the mere filing of a notice of appeal is not a breach of the plea agreement. The government may declare a breach only after the defendant or her counsel

thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

14. The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

15. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

16. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that she is guilty.

17. The parties have also entered a supplemental agreement that is filed under seal. It is agreed that the parties' guilty plea agreement, along with the sealed supplement, presents the entire agreement of the parties with regard to the defendant's guilty plea and sentence. The parties agree that neither has made any additional promise, agreement, or understanding other than those set forth in this written guilty plea agreement and the sealed supplement, and that no

additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

|  |  |
|---|---|
| *[signature]*<br>JANMARIE LANZO<br>Defendant<br><br>*[signature]*<br>FORTUNATO N. PERRI, JR. ESQ.<br>Counsel for the Defendant | DAVID METCALF<br>United States Attorney<br><br>*s/ Salvatore Astolfi (pgs)*<br>SALVATORE L. ASTOLFI<br>Chief, Criminal Division<br>Assistant United States Attorney<br><br>*s/Paul G. Shapiro*<br>PAUL G. SHAPIRO<br>RUTH MANDELBAUM<br>Assistant United States Attorneys<br><br>ALEXANDER B. BOWERMAN<br>Special Assistant United States Attorney |

Date: 10/21/25

- 14 -

Attachment

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-8-3 |
| JANMARIE LANZO | : | |

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

    a. that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

    b. that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

    c. that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

    d. that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

    e. that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

    f. that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

- 2 -

      g.    that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

      h.    that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.    I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.    I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.    I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7.    Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

8.    I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

    (1) the nature and circumstances of the offense and my personal history and characteristics;

    (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____
JANMARIE LANZO
Defendant

_____
FORTUNATO N. PERRI, JR., ESQ.
Counsel for the Defendant

Dated: __10/21/25__

- 3 -